UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RANDALL GEORGE ANGEL, | ) | |
| | ) | |
| Petitioner, | ) | 3:09-cv-0154-HDM-VPC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| GREGORY SMITH, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

Before the Court is petitioner's motion to strike respondents' opposition to his motion for an order to exceed his copy credit limit (docket #15). This Court has already denied petitioner's motion to exceed his $100.00 copy credit limit, therefore the Court will deny the motion to strike as moot.

Also before the Court is petitioner's motion to dismiss respondents' dispositive motion to dismiss the habeas corpus petition (docket #17). Petitioner argues that he never received a copy of respondents' motion to dismiss, and only realized a motion to dismiss was filed when he received minutes from this Court stating that he could respond to such motion. *Id.* However, petitioner then filed an opposition to the motion to dismiss, addressing the merits of the motion (docket #19). Respondents oppose the motion, stating that they contacted the Law Library Supervisor who stated that the petitioner signed for legal mail on June 19, 2009, and the log indicates that petitioner did receive the motion to dismiss (docket #21). The exhibit does indicate that petitioner received legal mail from the Attorney General of Nevada on June 19, 2009 (attached at

1 docket #21). Moreover, petitioner did respond to the merits of the motion to dismiss, which
2 indicates that he did receive and read respondents' motion to dismiss. The Court will deny
3 petitioner's motion to dismiss.

Petitioner also filed a motion for evidentiary hearing (docket #23). Petitioner seeks a hearing on the merits of the claims contained in his petition for writ of habeas corpus. *Id.* The Court will deny the motion as premature, as respondents have filed a motion to dismiss the petition as untimely filed (docket #12). Petitioner may file a new motion for evidentiary hearing if this Court determines that it will resolve the petition on the merits and not dismiss the petition on procedural grounds.

Finally, petitioner has filed a motion for appointment of counsel (docket #26). This Court previously denied a motion for appointment of counsel (docket #3). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file in this action is organized and raises the issues in a clear and understandable manner. The issues do not appear to be overly complex. It does not appear that counsel is justified in this instance. The motion shall be denied.

**IT IS THEREFORE ORDERED** that petitioner's motion to strike (docket #15) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's motion to dismiss (docket #17) is

1 **DENIED**.

2     **IT IS FURTHER ORDERED** that petitioner's motion for evidentiary hearing
3 (docket #23) is **DENIED** as premature. Petitioner may file a new evidentiary hearing if this Court
4 determines that a merits resolution of the case is necessary.

5     **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel
6 (docket #26) is **DENIED**.

7     Dated this 28th day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE